IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,

    Plaintiff

vs.

AMERICAN ADVISORS GROUP, INC.

    Defendant.

Case No.

COMPLAINT-CLASS ACTION

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.    Plaintiff Stewart Abramson ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.    "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission.[1]

3.    The TCPA is designed to protect consumer privacy by prohibiting unsolicited, autodialed telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

4. Plaintiff alleges that Defendant American Advisors Group sent Plaintiff prerecorded telemarketing calls for the purposes of advertising their goods and services without consent, which is prohibited by the TCPA.

5. Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

6. A class action is the best means of obtaining redress for the Defendant' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiff Stewart Abramson is a Pennsylvania resident, and a resident of this District.

8. Defendant American Advisors Group, Inc. is a California Corporation with its principal place of business in Orange, California. American Advisors Group engages in telemarketing nationwide, including into this District. American Advisors Group conducts business in this District, as it sent Mr. Abramson correspondence about its products.

## Jurisdiction & Venue

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10. The Defendant regularly engages in business in this District, including sending telemarketing calls and selling services into this District, as it did with the Plaintiff. Furthermore, American Advisors Group is registered with the state of Pennsylvania.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were targeted into this District.

### The Telephone Consumer Protection Act

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

13.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

14.     Prerecorded calls to a residential telephone line are also prohibited. *See* 47 U.S.C. § 227(b)(1)(B).

15.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

16.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

3

17.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

18.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

19.     American Advisors Group provides financial services to consumers.

20.     American Advisors Group uses telemarketing to promote its products and solicit new clients.

21.     These telemarketing efforts include the use of automated calls to send prerecorded messages.

22.     The company engages in use of this equipment because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, or on an hourly basis, only talk to individuals who respond. Therefore, the Defendant shifts the burden of wasted time onto consumers.

4

23. On April 30, 2019, Mr. Abramson received a prerecorded telemarketing call on his residential home telephone number (412) 362-XXXX.

24. The call began with the recorded message, "Hey, it's James with reverse mortgage saving center on a recorded line. Can you hear me OK?"

25. The call then delivered a series of recorded message advertising reverse mortgage services, but none of the prerecorded messages delivered by the caller identified the true name of the company that called.

26. On September 18, 2019, Mr. Abramson received a prerecorded telemarketing call on his cellular telephone number (412) 362-XXXX.

27. Again, the call began with the recorded message, "Hey, it's James with reverse mortgage saving center on a recorded line. Can you hear me OK?"

28. The call then delivered a series of recorded message advertising reverse mortgage services, but none of the prerecorded messages delivered by the caller identified the true name of the company that called.

29. Curiously, toward the end of each of these two calls a recorded message played that asserted the calling conduct "abrogates any state or federal do not call lists".

30. Mr. Abramson then received contact less than 20 minutes later from "Monica" with "American Advisors Group".

31. Mr. Abramson eventually spoke with Mr. Michael Martinez with American Advisors Group.

32. Mr. Martinez confirmed that "James" from the prerecorded message calls worked in the customer service department of American Advisors Group.

33. Mr. Martinez sent Mr. Abramson an e-mail confirming his affiliation with American Advisors Group from the e-mail address "MAMartinez@aag.com".

34. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

35. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

**Class Action Statement Pursuant to LCvR 23**

36. As authorized by Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure and Rule 23(A) of the Local Rules for the Western District of Pennsylvania, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

37. The class of persons Plaintiff propose to represent include:

All persons within the United States to whom: (a) American Advisors Group and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their residential or cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

38. Excluded from the Class are the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

39. The proposed Class members are identifiable through phone records and phone number databases, which are with the Defendant or their agents.

40. The automated technology used to contact the Plaintiff is capable of contacting hundreds of thousands of people a day, and so the potential Class members number in the thousands, at least. Individual joinder of these persons is impracticable.

41. Plaintiff is a member of the Class.

42. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a. Whether the Defendant used a prerecorded message to make the calls at issue;

   b. Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

   c. Whether the Defendant's violations of the TCPA were negligent, willful, or knowing; and

   d. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant' actions.

43. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members, as the Plaintiff and class members all received telephone calls through the same or similar dialing system and prerecorded message on a residential or cellular telephone line.

44. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. The actions of the Defendant are generally applicable to the Class and to Plaintiff.

7

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

47. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case and given the small recoveries available through individual actions.

48. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)

49. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

50. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the residential and cellular telephone numbers of Plaintiff and members of the Class using an ATDS to deliver prerecorded messages.

51. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. If the Defendant' conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

53. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any residential or cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

### Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,

By: /s/ Clayton S. Morrow
   Clayton S. Morrow
   Email: csm@consumerlaw365.com
   Morrow & Artim, PC
   304 Ross Street, 7th Floor
   Pittsburgh, PA 15219
   Telephone: (412) 281-1250

   Anthony I. Paronich
   Paronich Law, P.C.
   350 Lincoln Street, Suite 2400
   Hingham, MA 02043
   (508) 221-1510
   anthony@paronichlaw.com
   *Subject to Pro Hac Vice*

10