## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

Stewart Abramson, individually and on behalf of a class of all persons and entitled similarly situated,

        Plaintiff,

 v.

American Advisors Group, Inc., et al.,

        Defendants.

Case No. 2:19-cv-01341-MJH

**FINAL APPROVAL ORDER**

On September 29, 2020, this Court heard the motion for final approval of the class action settlement and for entry of judgment filed by Plaintiff.[1]  This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsel's arguments.  Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

    1.     Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it.  Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by American Advisors Group, Inc. ("AAG") in its pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2.      The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and AAG's Counsel resulting in the Settlement Agreement.  These negotiations were presided over by an experienced mediator.

3.      The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4.      Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5.      AAG filed a copy of the notice it gave on May 13, 2020, pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6.      Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7.      For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

8.      An award of $1,179,440.25 for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class

Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

9. A Service Payment to Plaintiff of $3500 is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

10. Reimbursement of $336,416.08 to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the Settlement.

**IT IS ORDERED THAT:**

11. **Class Members.** The Settlement Class is certified as a class of all persons in the United States who were a regular user or subscriber to numbers assigned to wireless carriers to which a call was made or attempted by AAG, either directly or by Complete Business Marketing Company, LLC DBA Exclusive Prospect ("EP") for the benefit of AAG, using any automated telephone dialing system or artificial or prerecorded voice message, or a regular user or subscriber to phone numbers that were not assigned to wireless carriers to which a call was made or attempted by AAG, either directly or by EP for the benefit of AAG, from January 1, 2017 to May 1, 2020. Excluded from the Class are the Court, the officers and directors of AAG, and persons who timely and validly requested exclusion from the Settlement Class. The Class Period is from January 1, 2017 through May 1, 2020.

12. **Binding Effect of Order**. This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 13 of the Preliminary Approval Order. This Order does not bind persons who filed timely and valid requests for exclusion. Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

13. **Release**. Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged AAG from all claims arising out of or

asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 2.2.1 and 2.2.2 of the Settlement Agreement and are specifically incorporated herein by this reference.

14.    **Class Relief**.  AAG is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement.  The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

15.    **Fees, Costs, and Expenses Award.**  Settlement Class Counsel are awarded $1,179,440.25 from the Settlement Fund in fees and costs.  Payment shall be made pursuant to the manner and timeline stated in Section 3 of the Settlement Agreement.

16.    **Service Payment**.  Plaintiff is awarded $3500 from the Settlement Fund as an individual settlement award.  Payment shall be made pursuant to the manner and timeline stated in Section 3 of the Settlement Agreement.

17.    **Settlement Administrator Expenses.** The Settlement Administrator is awarded $336,416.08 from the Settlement Fund.

18.    **Cy Pres Distribution.**  Pursuant to Paragraphs 3.5, 3.6, and 3.8 of the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to Electronic Privacy Information Center.

19.    **Miscellaneous.**  No person or entity shall have any claim against AAG, AAG's Counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

20.    **Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties for all purposes related to this settlement.

SO ORDERED this 29th day of September, 2020.

THE HONORABLE MARILYN J. HORAN
UNITED STATES DISTRICT COURT

# EXHIBIT A

ABRAMSON v AMERICAN ADVISORS GROUP, et al.

| EXCLUSION LIST | | |
|---|---|---|
| **ClaimID** | **Last Name** | **First Name** |
| 10444861101 | ALLAR | DAVID |
| 10736487601 | ARMSTRONG | GEORGE |
| 10008139301 | BEAVIN | SHARON |
| 10516471901 | BUEHL | DIANA |
| 10742160401 | CADDELL | WAYNE |
| 10964606001 | CARLSON | RITA |
| 10443151901 | CHILDS | BARBARA |
| 10159365001 | COLLINS | LUE |
| 11253197001 | CONDON | DIANA |
| 10240782401 | CORRIGAN | GLADEAN |
| 10952355601 | DAVID | KATHLEEN |
| 10570571801 | DAVIN | JOHN |
| 10448314301 | EGLIT | BESSIE |
| 10191770301 | EHRHARDT | FRED |
| 10022781801 | FITZGERALD | WANDA |
| 10040250101 | FRANCIS | JOANNA |
| 11134237501 | GIPSON | JUNE |
| 10146538501 | GONDAL | MARK |
| 11047453301 | GULLEY | SANDRA |
| 10593720401 | HAM | EARLA |
| 10486512001 | HARDY | AUDREY |
| 10589155101 | JOHNSON | JAMES |
| 10092044501 | KOWALIK | VIRGINIA |
| 10510509001 | LEWIS | JENIFER |
| 10624388301 | LEWIS | RICHARD |
| 10066704101 | LINGENFELTER | MARK |
| 10049046301 | LYONS | PAMA |
| 10067544001 | MICHEL | ROBERT |
| 10272610301 | MISKO | MARIANNA |
| 11089959301 | MORENO | DIANE |
| 10042160001 | NEWTON | WILLIAM |
| 10088513501 | NOLL | BARRY |
| 10427994101 | OSANO | ELISA |

| EXCLUSION LIST | | |
|---|---|---|
| **ClaimID** | **Last Name** | **First Name** |
| 10165845001 | OWENS | JEFFRY |
| 10463371201 | PARIS | JOAN |
| 10443580001 | PENNINGTON | DONNA |
| 10433551801 | PETERSEN | JOHN |
| 10086242101 | RASHEED | KISMET |
| 10879893801 | ROY | MARK |
| 10183737901 | RUNNELS | BRUCE |
| 11237367701 | SARACSON | FLORENCE |
| 11217350001 | SEEDS | GEORGE |
| 10241856101 | STAUDT | EDWARD |
| 10188624001 | SUZUKI | LORI |
| 11021947801 | THOMPSON | JOHN |
| 10027459601 | WILLIAMS | EMMA |
| 10596837701 | WILLIAMSON | NAOMI |
| 11112707501 | WOLLACK | RICHARD |
| 10287370701 | ZEER | TONY |